UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD YOUNG,<br>　　　　Petitioner,<br>　　v.<br>C. PFEIFFER,<br>　　　　Respondent. | Case No. 16-cv-04329-RS (PR)<br><br>**ORDER TO SHOW CAUSE BY DECEMBER 1, 2016 WHY THE PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION** |

　　　　Petitioner seeks federal habeas relief from his 1992 California state convictions for kidnapping and second degree burglary. He received a sentence of 3 years for the kidnapping conviction and a concurrent sentence of 16 months for the burglary conviction. Because it is more than 24 years after these sentences were imposed, it is unlikely that petitioner is still in custody for these offenses. If he is not, the Court lacks jurisdiction over this action.

　　　　The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. *See* 28 U.S.C. §§ 2241(c), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. *Id.* A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for the purposes of this Court's subject matter jurisdiction and his petition is therefore properly denied. *See De Long v. Hennessey*, 912 F.2d 1144,

1146 (9th Cir. 1990).

The custody requirement does not mandate that a prisoner be physically confined. *Maleng v. Cook*, 490 U.S. 488, 491 (1989). A petitioner who is on parole at the time of filing is considered to be in custody, *see Jones v. Cunningham*, 371 U.S. 236, 241–43 (1963) and *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990), as is a petitioner on probation, *see Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005). Custody is found where the sentence imposed significantly restrains petitioner's liberty, *see*, *e.g.*, *Dow v. Circuit Court*, 995 F.2d 922, 923 (9th Cir. 1993) (sentence of mandatory attendance to fourteen-hour alcohol abuse rehabilitation program sufficient to place petitioner in custody), but not where only a fine is imposed, *see Dremann v. Francis*, 828 F.2d 6, 7 (9th Cir. 1987) (sentence which only imposes fine not enough to satisfy custody requirement even if petitioner faces imprisonment for failure to pay).

It appears petitioner is not in custody under the state court judgment for the 1992 convictions. If he is not in such custody, this Court lacks jurisdiction over his habeas petition. **Accordingly, petitioner is ordered to show cause on or before December 1, 2016 why the petition should not be dismissed for lack of jurisdiction.**

**No extensions of time will be granted.** If petitioner fails to respond to this order to show cause, the action will be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. The Court notes that the filing fee has been paid.

**IT IS SO ORDERED.**

**Dated:** October 11, 2016

_____
RICHARD SEEBORG
United States District Judge

ORDER TO SHOW CAUSE
Case No. 16-cv-04329-RS

2